MEMORANDUM **
Pablo Ricardo Casia Aguilar, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his applications for cancellation of removal, asylum, withholding of removal, protection under the Convention Against Torture (“CAT”), and relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 (“NA-CARA”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency’s legal determinations, see Wakka-ry v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009), we review for substantial evidence factual findings, see id., and we review de novo due process claims, see Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006). We deny the petition for review.
Contrary to Casia Aguilar’s contention, the BIA considered his arguments on appeal regarding whether he demonstrated the requisite hardship with respect to cancellation of removal, and the BIA properly declined to reach Casia Aguilar’s remaining arguments pertaining to cancellation of removal because the hardship issue was dispositive. Casia Aguilar’s contention that the BIA did not weigh the evidence *922 cumulatively fails because the BIA stated it considered the claimed hardships in the aggregate. Because the BIA did not err, Casia Aguilar’s due process contention fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (showing of error required to prevail on a due process challenge).
The record does not compel the conclusion that Casia Aguilar timely filed an asylum application, or that he established an excuse for failing to do so. See 8 C.F.R. § 1208.4(a)(4), (5); Ramadan v. Gonzales, 479 F.3d 646, 656-58 (9th Cir.2007) (per curiam). Furthermore, the record does not compel the conclusion that Casia Aguilar was eligible to be granted asylum as a derivative beneficiary because he did not demonstrate his father had been granted asylum. See 8 U.S.C. § 1158(b)(3)(A). Accordingly, we deny the petition as to Casia Aguilar’s asylum claim.
Substantial evidence supports the BIA’s determination that Casia Aguilar did not establish past persecution, see Wakkary, 558 F.3d at 1059-60, and that the harm he fears in the future is not on account of a protected ground, see Ochoa v. Gonzales, 406 F.3d 1166, 1171-72 (9th Cir.2005). Accordingly, we deny the petition as to Casia Aguilar’s withholding of removal claim.
Likewise, substantial evidence supports the agency’s denial of CAT relief because Casia Aguilar did not demonstrate that it was more likely than not that he would be tortured if returned to Guatemala. See Wakkary, 558 F.3d at 1068.
Casia Aguilar does not challenge the agency’s denial of NACARA relief in his opening brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived).
PETITION FOR REVIEW DENIED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.